The Honorable Wayne Nichols State Representative 304 Poinsett Street Marked Tree, Arkansas 72365-2237
Dear Representative Nichols:
I am writing in response to your request for my opinion on the following questions, which you have submitted on behalf of the Chief Engineer of the St. Francis Levee District:
 1. Pursuant to Act 19 of 1980, A.C.A. § 14-120-401 et seq.; when a majority of the board of Directors of the Levee District adopts a resolution for the county to collect levee taxes, does the collector have the option to decline to collect the levee tax?
 2. Assuming the collector cannot decline, and the above referenced resolution is submitted to the counties [sic] Quorum Court for approval, do they have the authority to direct the collector not to collect the levee tax?
RESPONSE
Question 1: Pursuant to Act 19 of 1980, A.C.A. § 14-120-401 et seq.; whena majority of the board of Directors of the Levee District adopts aresolution for the county to collect levee taxes, does the collector havethe option to decline to collect the levee tax?
In my opinion, the answer to this question is clearly "no."
Section 14-120-401 of the Arkansas Code (Repl. 1998), defines as follows the legislative intent underlying subchapter 4 of title 14, chapter 120:
 Sections 14-120-402 — 14-120-408 of this subchapter shall not repeal any existing laws but are intended to provide an alternative procedure for the extension and collection of taxes and assessments that may be adopted by any board of directors which now collects taxes and assessments in a manner other than provided for by this subchapter.
Section 14-120-402 of the Code (Repl. 1998) defines the term "board of directors" as including "the governing body of levee districts."
Section 14-120-403 of the Code (Repl. 1998), which I believe contains the answer to the chief engineer's question, provides:
 Notwithstanding the provisions of any special or general act, the board of directors of any levee district, drainage district, or levee and drainage district collecting taxes and assessments by special collectors may, by resolution adopted by a majority of the directors,
change such method of collection and direct that the amount of taxes levied and assessed by the district shall annually be extended upon the tax books of the county or counties within which the lands so assessed and taxed are located and annually collected by the tax collectors in each county or counties along with the other taxes. Upon the adoption of that resolution, the clerk and tax collector of each county shall be charged with the duty of extending and collecting the annual tax and assessment levied by the districts.
(Emphasis added.) In my opinion, this statute could not be more unambiguous in directing that the collectors in counties comprising the St. Francis Levee District collect the annual taxes once a majority of the St. Francis Levee District Board of Directors has adopted a resolution changing the former practice of using special collectors to collect district taxes.
Question 2: Assuming the collector cannot decline, and the abovereferenced resolution is submitted to the counties [sic] Quorum Court forapproval, do they have the authority to direct the collector not tocollect the levee tax?
In my opinion, the answer to this question is likewise "no." Indeed, given the express provisions of A.C.A. § 14-120-403, I believe it would clearly be unnecessary to even submit the resolution to the affected counties' quorum courts for approval.
As reflected in the highlighted language quoted in my response to your previous question, A.C.A. § 14-120-403 obligates the tax collectors in the counties comprising a levee district to commence collecting district taxes not when the various affected counties' quorum courts approve their doing so, but rather when the levee-district board adopts by majority vote a resolution changing from a special-collector to a county-collector mode of collecting levee-district taxes. Simply put, no quorum court and no county collector has any veto power in determining whether the county collectors in a multi-county levee district will be charged with the task of collecting levee-district taxes. The legislature has unequivocally invested the levee-district board of directors with sole discretion to make this determination.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh